**ANCILLARY AFFILIATED HEALTH SERVICES, INC., a Wisconsin business corporation, Plaintiff,**

v.

**Donna E. SHALALA, Secretary Department of Health and Human Services, a Department of the United States Government, Defendant.**

No. 97–C–1205.

United States District Court,
E.D. Wisconsin.

Jan. 15, 1998.

Mark D. Olson & Associates, Chicago, IL, for Plaintiff.

Matthew V. Richmond, Asst. U.S. Atty., Milwaukee, WI, for Defendant.

### DECISION AND ORDER

CURRAN, District Judge.

On December 1, 1997, Magistrate Judge Goodstein issued a report recommending that this action be dismissed for lack of subject matter jurisdiction. After hearing oral argument, the Magistrate Judge found that Plaintiff Ancillary Affiliated Health Services, Inc.'s claims arise under the federal Medicare Act, 42 U.S.C. §§ 1395cc(h)(1) & 1395ii and that, contrary to the Medicare Act's statutory scheme, Ancillary failed to exhaust its administrative remedies prior to filing suit.

Ancillary has filed timely objections to the Magistrate Judge's Recommendation. The Plaintiff argues that its claim is completely collateral to any claim for benefits under the

Medicare Act; that, therefore, its claim does not arise under the Medicare statutes and that, consequently, exhaustion of administrative remedies is not required.[1] Having reviewed the record *de novo*, the court concludes that the Magistrate Judge correctly applied the applicable law to the facts as he found them and that his fact-finding is amply supported by the record.

Ancillary is a provider of home health services for Medicare beneficiaries. In 1996, Ancillary was overpaid $183,237 by the federal government and was ordered to repay that amount. The entity which administers the Medicare program refused to approve an extended repayment plan and, after Ancillary's owners were indicted for defrauding the Medicare program and the Internal Revenue Service, all payments to Ancillary were suspended. Without exhausting its administrative remedies, Ancillary filed this action seeking injunctive relief.

Congress has enacted administrative procedures for disputing reimbursement determinations. *See* 42 U.S.C. § 1395oo. *See also* 42 C.F.R. § 405.1835. It is undisputed that Ancillary did not avail itself of these administrative procedures. Instead, it argues that it is exempt from the exhaustion requirement because its claims are only "collateral" to the Medicare Act. Ancillary explains that its "claim seeks relief from the Secretary's actions in ignoring the mandates in her own regulations." Objections to Decision of U.S. Magistrate Judge at 2.

■ Despite its failure to exhaust, Ancillary maintains that this court has subject jurisdiction over its claims "pursuant to the Administrative Procedure Act, 5 U.S.C. § 706 and the Due Process Clause of the Fifth Amendment, United States Constitution, U.S.C.A. Const. Amend. 5." Complaint for Injunctive Relief at ¶ 3. The Plaintiff goes on to explain that: "the relief sought is not related to a claim for benefits, nor is it 'inextricably intertwined' with a claim for benefits in the context of *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) which would require that Ancillary exhaust its administrative remedies before

filing for relief in the federal courts. Ancillary seeks to have this court direct HCFA [Health Care Financing Act Administration] [to] follow regulations applicable to the recoupment of overpayments by the Medicare program before a decision to suspend periodic interim payments ("PIP") to Ancillary is implemented." Complaint for Injunctive Relief at ¶ 4.

The Sixth Circuit recently explained that:

The Medicare Act, 42 U.S.C. §§ 1395cc(h)(1) and 1395ii, incorporates by reference the judicial review provisions for old age and disability claims under the Social Security Act. These provisions, 42 U.S.C. §§ 405(g) and (h), allow for judicial review "after any final decision of the Secretary" and disallow judicial review "except as herein provided." Section 405(h) then expressly disallows judicial review of administrative action under the general provisions supporting federal question jurisdiction found in 28 U.S.C. §§ 1331 and 1346. The courts have read Section 405(g) to require presentment of claims to the Secretary and exhaustion of administrative remedies, as in social security cases.

*Michigan Association of Homes and Services for the Aging, Inc. v. Shalala*, 127 F.3d 496, 497 (6th Cir.1997).

■ Providers such as Ancillary must comply with the statutory and regulatory requirements of the Medicare Act. In *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), the Supreme Court held that the fact that plaintiff's claim arises under the Constitution as well as the Social Security Act does not provide a way around the requirements of administrative exhaustion. *See Id.* 422 U.S. at 760–61. The same reasoning applies to the Administrative Procedures Act. *See Heckler v. Ringer*, 466 U.S. 602, 622, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Administrative remedies must be exhausted whether a plaintiff's claim is substantive or procedural. *See Id.* at 615.

Ancillary has not persuaded this court that its attack on the Secretary's decision comes within any recognized exception to the ex-

---

**1.** In raising this objection, Ancillary failed to provide the court with a transcript of the oral argument heard by the Magistrate Judge before issuing his report. *See* Local Rule 13, § 13.03. The transcript was subsequently supplied by the Defendant.

haustion requirement. Thus, it may not bypass its available administrative remedies before coming to federal court. *See generally Id.*

For this reason, the court adopts the recommendation of the Magistrate Judge and incorporates it herein by reference. *See* Recommendation to the District Judge (filed December 1, 1997). Based upon the findings and conclusions found therein, the court ORDERS that this action is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the Plaintiff's "Emergency Motion for Injunctive Relief and Waiver of Bond" (filed November 18,1997) IS DENIED.

IT IS FURTHER ORDERED that, pursuant to Federal Rule of Civil Procedure 58, the Clerk of Court shall enter a final judgment of dismissal. This judgment shall provide that:

This action came on for hearing before the court, the Honorable Thomas J. Curran, District Judge, presiding, and the issues having been duly heard and a decision having been duly rendered,

IT IS ORDERED AND ADJUDGED,

that this action brought by Plaintiff Ancillary Affiliated Health Services, Inc. against Defendant Donna E. Shalala, Secretary, Department of Health and Human Services, is dismissed for lack of subject matter jurisdiction.

### RECOMMENDATION TO DISTRICT JUDGE

GOODSTEIN, United States Magistrate Judge.

On November 18, 1997, Ancillary Affiliated Health Services Inc. filed a complaint in which it alleges that the defendant Secretary of Health and Human Services failed to comply with its own regulations when it suspended reimbursement payments to the plaintiff for services provided to beneficiaries of the Medicare program. Ancillary also seeks a preliminary injunction that would prevent the defendant from terminating periodic interim payments, to which the plaintiff claims it is entitled under the Medicare program. Because Ancillary did not exhaust its administrative remedies before commencing this action, the Secretary contests this court's subject matter jurisdiction. On November 28, 1997, the court entertained oral argument on the issue of subject matter jurisdiction. Appearing on behalf of the plaintiff was Attorney Mark Olson and appearing on behalf of the defendant were Assistant United States Attorneys Kevin Martens and Matthew Richmond. Since consent to full magistrate judge jurisdiction is lacking, the court is limited to issuing a recommendation with respect to the issue of subject matter jurisdiction. 28 U.S.C. § 636(b)(1)(A).

### I. BACKGROUND

For purposes of subject matter jurisdiction, the facts are undisputed. Ancillary, a provider of home health services for Medicare beneficiaries, was reimbursed by the federal government through an intermediary, United Government Services ("UGS"). Reimbursement is based on the lesser of the provider's "reasonable cost" of rendering services or its "customary charges" for such services. 42 U.S.C. § 1395f(b). The intermediary determines the provider's reasonable costs based upon an annual cost report submitted by the provider. On June 12, 1997, UGS informed Ancillary by certified mail that its cost report for 1996 reflected an overpayment for 1996 in the amount of $183,237. (John STOL Decl., Ex. 1). In its letter, UGS advised Ancillary that three options were available: 1) submit a lump sum payment within 15 days; 2) suspend Medicare payments; or 3) apply for an extended repayment plan. (*Id.*) Ancillary was given 15 days to respond and it requested an extended repayment plan. UGS also advised Ancillary that any extended repayment plans must be approved by the Health Care Financing Administration ("HCFA"), the federal agency charged with administering the Medicare program.

From July 12 through October, 1997, Ancillary provided payments to UGS based on its proposed three-year repayment schedule while HCFA reviewed Ancillary's request for an extended repayment plan. On November 3, 1997, UGS informed Ancillary that HCFA denied Ancillary's request for a three-year repayment schedule based on Ancillary's unfavorable financial condition. (STOL Decl., Ex. 5). Therefore, UGS commenced 100 percent deductions on November 10, 1997 of

Ancillary's daily remittances for services provided. (*Id.*) On November 10, 1997, a telephone conference was conducted between HCFA and Ancillary representatives, where Ancillary was again told that HCFA would not enter into a three-year agreement with Ancillary. (Brian Treglown Decl. at ¶ 4).

Meanwhile, HCFA learned that a federal indictment in this district was returned against Ancillary's owners, Barbara Stefonek and Edith Polzin, for defrauding the Medicare program and the Internal Revenue Service. (*Id.*). As a result, on November 14, 1997, HCFA instructed UGS to immediately suspend all further Medicare reimbursement to Ancillary on the grounds of suspected fraud. (Treglown Decl. at ¶ 5). Pursuant to 42 C.F.R. § 405.371(a)(1), an intermediary may suspend payments without notifying the provider when the intermediary has reliable evidence that the circumstances giving rise to the need for a suspension involves fraud or misrepresentation. UGS notified Ancillary of the fraud suspension on November 21, 1997.

## II. ANALYSIS

The plaintiff does not dispute the method by which HCFA suspended payments as a result of the fraud allegation. Rather, the plaintiff contends that HCFA failed to comply with its regulations when it suspended payments on November 10 after determining that Ancillary was not eligible for an extended repayment plan. Parenthetically, the fact that only one payment totaling approximately $40,000 is at issue might affect the irreparable harm determination were this court to find subject matter jurisdiction and address the substance of the plaintiff's motion for a preliminary injunction.

Returning to the regulations at issue, the plaintiff cites 42 C.F.R. §§ 405.370(b) and 405.371(a), which require that a suspension be put into effect only after the intermediary notifies the health services provider of its intent to suspend payments and allow the provider 15 days to submit a statement as to why its reimbursements should not be suspended. In addition to the notice provided to Ancillary by the intermediary on June 12, the plaintiff contends that it was entitled to another notice and a fresh 15 day period in which to respond when HCFA determined

that it was not entitled to an extended repayment schedule. In essence, the plaintiff argues that an agreement was in place whereby it would submit payments over three years and, when HCFA determined that the plaintiff was not eligible for an extended repayment schedule, HCFA terminated the agreement, which triggers the procedural requirements established in 42 C.F.R. §§ 405.370 and 405.371. The court notes that certain Medicare regulations were amended effective January 2, 1997. Although the amendments reflect differences in the regulations' format, the substance of the regulations at issue in this case are not affected. Thus, the regulations to which the plaintiff refers are now contained in 42 C.F.R. §§ 405.371 and 405.372.

The Secretary contends that, whether or not plaintiff's challenge has merits, it is incumbent upon the plaintiff to first exhaust its administrative remedies. A provider that is dissatisfied by a reimbursement determination by the intermediary may appeal the determination to the Provider Reimbursement Review Board ("PRRB"). 42 U.S.C. § 1395oo(a); 42 C.F.R. § 405.1835. The PRRB may affirm, modify, reverse or determine that it does not have jurisdiction over the intermediary's calculation. 42 U.S.C. § 1395oo(f)(1). The Secretary, on her own motion or at the plaintiff's behest, may further review the PRRB's decision. *Id.* The provider may then appeal the PRRB and/or Secretary's decision before a United States district court. *Id.* The plaintiff argues that it need not exhaust its administrative remedies because, in its essence, this is not a claim where the amount of reimbursement is at issue; rather, the plaintiff only seeks to compel the Secretary to follow her procedure for suspending reimbursements. Thus, the plaintiff submits that this court has federal question jurisdiction under 28 U.S.C. § 1331 to consider its claim that its property was deprived without procedural due process, and that the court has jurisdiction under the Administrative Procedure Act.

42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, prohibits an action in federal court which arises under the Medicare Act under the grant of 28

U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1346 (United States as a defendant). Simply because a claim may be classified as procedural, rather than substantive, does not grant this court federal question jurisdiction. *See Heckler v. Ringer,* 466 U.S. 602, 614, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Rather, the proper question is whether a claim "arises under" the Medicare Act:

> The third sentence of 42 U.S.C. § 405(h), made applicable to the Medicare Act by 42 U.S.C. § 1395ii, provides that § 405(g), to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all "claim[s] arising under" the Medicare Act. Thus, to be true to the language of the statute, the inquiry in determining whether § 405(h) bars federal-question jurisdiction must be whether the claim "arises under" the Act, not whether it lends itself to a "substantive" rather than a "procedural" label.

*Id.* 466 U.S. at 614–615 (citation omitted).

■ A claim "arises under" the Medicare Act when " 'both the standing and the substantive basis for the presentation' of the claims" is the Medicare Act. *Id.* at 615 (quoting *Weinberger v. Salfi,* 422 U.S. 749, 760–761, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). In *Ringer,* the Secretary issued an administrative ruling which prohibited any payment for Medicare claims as a result of a surgical procedure which the Secretary did not deem reasonable and necessary for the diagnosis or treatment of illness or injury, a condition precedent for Medicare coverage. *See* 42 U.S.C. § 1395y(a)(1). The *Ringer* plaintiffs argued, inter alia, that the Secretary's refusal to find the surgery "reasonable and necessary" violated constitutional due process. They commenced an action in federal district court before exhausting their administrative remedies, and it was dismissed for lack of subject matter jurisdiction. The Ninth Circuit Court of Appeals reversed, finding that the plaintiffs did not need to exhaust their administrative remedies to the extent that they sought to invalidate the procedure by which the Secretary determined entitlement to benefits. *See Ringer,* 466 U.S. at 611–612. The Supreme Court reversed, disapproving of the method whereby claims are distinguished between "substantive" and "procedural" and holding that, because the plaintiffs' claims were in essence a claim for Medicare benefits, such claims "arose under" the Medicare Act and therefore required administrative exhaustion. *Id.* at 624. With respect to the plaintiffs' constitutional and APA claims, the Court held that, when a claim arises under the Medicare Act, the Medicare Act's exhaustion requirement trumps federal question and APA jurisdiction. *Id.* at 622.

Ancillary distinguishes its claim from *Ringer* because it does not contest the Secretary's determination regarding the amount of overpayments; rather, it contests the procedure by which the Secretary suspended benefits to the plaintiff. However, under the case law in the Seventh Circuit, this is a distinction without a difference. In *Homewood Professional Care Center Ltd. v. Heckler,* 764 F.2d 1242 (7th Cir.1985), a health services provider contested the intermediary's determination of costs, which it appealed to the PRRB. While the appeal was pending, the provider commenced an action in federal district court, alleging that the Secretary violated its due process rights, which the district court dismissed for lack of subject matter jurisdiction. *See id.* at 1245–1246. On appeal, the Seventh Circuit affirmed the district court's decision that the plaintiff must exhaust its administrative remedies. Of relevance to the case at bar, the court rejected the plaintiff's argument that it need not exhaust administrative remedies for its due process claims:

> As to constitutional questions relevant to disputes between providers and intermediaries for claims in excess of $10,000, § 1395oo(f) provides that the Board may determine ... that it is without authority to decide the constitutional question involved in the dispute ... Because the Medicare Act clearly requires the presentation of all disputes including any and all constitutional questions to the Board, we hold that the requirement that the constitutional question be presented is nonwaivable.

*Id.* at 1252–1253.

The plaintiff relies on *Elk Valley Professional Affiliates, Inc. v. Sullivan,* Medicare

and Medicaid Guide ¶ 39,045, (E.D.Tenn. 1991), to support its position that procedural disputes do not have to be exhausted at the administrative level. In *Elk Valley*, an intermediary determined that a provider was overpaid by $150,000. The provider requested and received an 18–month repayment schedule from HCFA. The provider then executed a promissory note and security agreement as required. During the 18–month period, and while the provider was current in its payments, the intermediary received a report regarding a $193,000 underpayment, which created concern about the provider's financial status. Since HCFA has a policy to require that any underpayments be used offset any overpayments, the Secretary deducted the overpayment from the underpayment and awarded the provider approximately $55,000, effectively eviscerating the 18–month payment schedule. The provider commenced an action in the federal district court for the Eastern District of Tennessee, without pursuing administrative remedies, and sought a preliminary injunction, arguing that the Secretary did not abide by its regulations, which require that payments not be suspended without notice and without deciding whether it was necessary to take such action in order to protect the Medicare program from financial loss. *Id.* at 25,220.

The district court granted plaintiff's request for a preliminary injunction. With respect to subject matter jurisdiction, the court held that it had federal question jurisdiction because the issue was whether the Secretary's method for recouping violated her own regulations, not the fact or amount of the alleged overpayment:

> There is no statutorily prescribed review procedure available for the defendant's representative's failure to follow the federal regulations in connection with collection of overpayments.... This is not a case where the claims are, "at bottom," claims about *how much* the Medicare program should pay plaintiff for services performed.... The plaintiff does not seek increased Medicare reimbursement; rather, the plaintiff seeks to compel the defendant to follow the federal regulations

> regarding the appropriate *method* of recouping an alleged overpayment.

*Id.* at 25,219 (citations omitted).

Admittedly, Ancillary frames its claim for relief nearly identically to the *Elk Valley* plaintiff, and urges the court to accept jurisdiction and issue a preliminary injunction. This court declines concillary's request to entertain jurisdiction for several reasons. First, the cases are factually distinct. In *Elk Valley*, the administrative process was effectively exhausted when the parties entered into the repayment agreement, secured with a promissory note. It was the Secretary's acts of "self-help," relying on a set-off clause in the note instead of its statutory authority, which prompted court review. In Ancillary's case, the parties are still within the administrative process.

Second, and more importantly, this court is not constrained to follow a decision from a district court in the Sixth Circuit. The law in the Seventh Circuit is clear in holding that procedural due process claims are subject to administrative exhaustion. In fact, such a determination regarding the primacy of admininistrative exhaustion should come as no surprise to Ancillary. *See Ancillary Affiliated Health Services, Inc., and Ancillary Home Health Care Inc. v. United Government Services,* Case No. 95–C–658, 1995 WL 548744 (E.D.Wis. June 22, 1995). To conclude, because the Medicare Act provides the exclusive procedure for obtaining district court review for the plaintiff's claims, and because the plaintiff did not exhaust its administrative remedies as required by the Medicaid Act for obtaining judicial review, this court recommends that the plaintiff's complaint and this case be **dismissed without prejudice.**

**IT IS THEREFORE RECOMMENDED** that the plaintiff's complaint and this case be **dismissed without prejudice.**

The Clerk of Court is directed to reassign this case to a district judge in order to consider this recommendation and any objections thereto.

Pursuant to Local Rule 13.03(c), any objection to this decision must be filed in writing with the Clerk of Court in duplicate within

ten days from the date this recommendation is received. Failure to file an objection within the specified time waives the right to appeal the district court's order on all factual and legal issues.

Dec. 1, 1997.